# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.                       **CASE NO: 8:19-cr-00162-TPG-CPT**

**ANGEL ABEL QUIJIJE MERO**

_____/

## DEFENDANT'S SENTENCING MEMORANDUM
## AND MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE

Come Now the Defendant, Angel Abel Quijije Mero, by and through undersigned counsel, and hereby submits this, his Sentencing Memorandum and Motion for Downward Departure and/or Variance. In support thereof Defendant would state as follows:

**APPLICABLE US SENTENCING GUIDELINES**

United States Sentencing Guidelines (hereinafter "USSG") §§7B1.1 through 7B.1.5 apply to the sentencing of violations of probation and supervised release. As Defendant in this case was originally sentenced on a Class A Felony and at the time of that sentencing had a Criminal History Category of I the applicable guidelines range is 24-30 months. See §7B1.4(a). The Introductory Commentary to USSG Chapter 7 Part B states that:

> "Under 18 U.S.C. § 3584, the court, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), including applicable guidelines and policy statements issued by the Sentencing Commission, may order a term of imprisonment to be served consecutively or concurrently to an undischarged term of imprisonment. It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation."

**18 U.S.C. §3553(a) AND REQUESTED VARIANCE**

Though the applicable sentencing guidelines specify an applicable guidelines range of 24-30 months consecutive to the sentence this Court imposes in 8:23-CR-434 it is

respectfully suggested to the court that after consideration of the factors set forth in 18 U.S.C. §3553(a) the Court should impose a concurrent sentence in both cases.

The substantive offense to which Defendant charged in 8:25-CR-14-TPB-SPF carries a fifteen (15) year minimum mandatory sentence. Defendant is currently 48 years old, meaning that under the best of circumstances Defendant will be approximately 63 years old at his release from prison, if this Court were to sentence Defendant concurrently in this case and if the Court were to vary downward from the sentencing guidelines calculated in 8:25-CR-14-TPB-SPF. Should the Court deny those requests Defendant would be significantly older.

A sentence within the advisory USSG range, and consecutive to that imposed in 8:23-CR-434, is not just under the circumstances in this case. In reaching its sentence this Court will necessarily apply those factors found at 18 U.S.C. §3553(a)(1)-(6) after calculating the Total Offense Level under the advisory USSG. Defendant respectfully suggests that sentencing Defendant concurrently would be sufficient to but not greater than necessary to comply with the law. Such a sentence would serve to accurately reflect the history and characteristics of Defendant, reflect the seriousness of the offense, and deter criminal conduct. A total sentence of fifteen (15) years would serve as a just sentence and satisfy the statutory sentencing factors set forth in 18 USC §3553(a)(1)-(5).

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2025 undersigned counsel electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Counsel of Record for the United States of America.

*/s/Mark G. Rodriguez, Esq.*
MARK G. RODRIGUEZ, ESQ.
MARK G. RODRIGUEZ, P.A.
Fla. Bar. No.: 769060
Texas Bar No.: 24091910
701 S. Howard Ave., STE 201
Tampa, FL 33606
Ph: (813) 227-9642
Fax: (813) 381-5193
Email:mgr@mgrlawoffices.com